IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH MARIE RUSHING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 10-612-SLR |
| ) | |
| MYRON T. BATTS, Warden, ) | |
| (Holder of the Key), ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington this ___ day of November, 2010, having reviewed the above captioned case pursuant to Rule 4(b), 28 U.S.C. foll. § 2255;

IT IS ORDERED that petitioner Elizabeth Marie Rushing's ("petitioner") application for emergency habeas relief (D.I.1) is dismissed for the reasons that follow:

**1. Background.** Presently pending before the court is petitioner Elizabeth Marie Rushing's "petition for emergency writ of habeas corpus." (D.I. 1) Petitioner alleges that respondent "is a corporation for profit" detaining her in the "Alderson Federal Prison Camp," located in Alderson, West Virginia, "against her will, over her objection, and without her consent." *Id.* at p.1. According to petitioner, respondent is wrongfully detaining her because "no criminal action in the State of West Virginia has been commenced against [her] by the filing of an affidavit/complaint, [or] by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance." *Id.* She contends that the court can review the instant petition because it has original jurisdiction over corporations incorporated in the State of Delaware, and

respondent is a corporation "directly linked to corporations . . . incorporated with the corporations division secretary of state of Delaware." *Id.* at p. 2. Petitioner asks the court to "demand [her] immediate discharge." *Id.* at pp. 2-3.

    **2. Standard of Review.** Federal courts are required to liberally construe pro se filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b), 28 U.S.C. foll. § 2255; *see also* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall . . . issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the face of the application that the applicant or person detained is not entitled thereto.")

    3. A federal prisoner challenging the legality of her conviction or sentence must file a motion to vacate, correct, or modify a sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. *See* 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343 (1974); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). The proper respondent for a § 2255 motion is the United States of America. *See Waksmunski ex rel. Korbe v. Mitchell*, 2009 WL 499455 (W.D. Pa. Feb. 27, 2009). In turn, a federal prisoner challenging her present physical custody, including pre-trial custody, must file a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004); *Paladino v. King*, 247 F. App'x 393, 394-94 (3d Cir. 2007)(petitioner's challenges to pre-trial incarceration

properly brought in a § 2241 petition). The proper respondent for a § 2241 petition is the warden of the institution where the petitioner is incarcerated at the time of filing. *Rumsfeld*, 542 U.S. at 444-46.

**4. Discussion.** Having reviewed the face of the petition, the court concludes that it lacks jurisdiction over the instant proceeding. To the extent petitioner is challenging her physical custody, including any pre-trial incarceration, pursuant to 28 U.S.C. § 2241, the court does not have jurisdiction to review the pending petition because petitioner is not confined in this district. To the extent the instant petition challenges the legality of petitioner's conviction and sentence under 28 U.S.C. § 2255, the court does not have jurisdiction over this proceeding because the court did not impose petitioner's conviction and sentence.

5. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

UNITED STATES DISTRICT JUDGE